Harry **FRANKLIN**, Plaintiff-Appellant,

v.

Ms. **MURPHY** and Hoyt Cupp, et al., Defendants-Appellees.

Nos. 83–3939 to 83–3978.

United States Court of Appeals, Ninth Circuit.

Submitted July 5, 1984.

Decided Oct. 23, 1984.

Harry Franklin in pro per.

Before SNEED, ALARCON and NORRIS, Circuit Judges.

ALARCON, Circuit Judge:

This appeal involves a district court's dismissal of 41 actions filed by Harry Franklin, a prisoner pro se. To dispose of Franklin's appeal we must decide whether the district court erred by dismissing Franklin's in forma pauperis actions as frivolous before issuing a summons and whether a court may dismiss as frivolous an in forma pauperis complaint that states a cause of action. We hold that a court may dismiss a frivolous in forma pauperis action before service of process pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(d). We also define a frivolous action under § 1915(d) as an action lacking arguable basis in law or in fact.

FACTS

Harry Franklin is a prisoner in the Oregon State Penitentiary. By 1980, he had filed and paid fees in 37 cases concerning his treatment in prison. On May 29, 1980, the district court dismissed 33 of these cases before Franklin had served summons on the defendants. Franklin appealed and we reversed and remanded 11 of these actions, we held that a district court can only dismiss an action sua sponte before service of process when it clearly lacks jurisdiction. *Franklin v. State of Oregon, State Welfare Division, et al.,* 662 F.2d 1337 (9th Cir.1981) (*Franklin I*). On January 11, 1982, the district court calendared the 11 remanded cases and reopened and reinstated four other cases that had not been appealed but which it had dismissed as frivo-

lous.[1] The court also granted Franklin in forma pauperis (IFP) status and permitted him to file 49 additional actions. The district court characterized three of these actions as habeas corpus petitions. The remainder are civil rights actions brought pursuant to 42 U.S.C. § 1983.

Franklin requested and was assigned an attorney. They apparently had some disagreements. Franklin filed a complaint against his appointed counsel with the Oregon State Bar. The district court granted the attorney's request to withdraw. Franklin then requested that new counsel be appointed. The court denied his motion.

On May 25, 1983, the court dismissed 61 of Franklin's actions on summary judgment, for failure to prosecute, as repetitious, or as frivolous under 28 U.S.C. § 1915(d).[2] The court allowed Franklin to proceed on three actions and gave him 30 days to amend the actions dismissed under section 1915(d). The court further ordered that Franklin was limited to six in forma pauperis complaints per year. *Franklin v. State of Oregon,* 563 F.Supp. 1310 (D.Or. 1983) (*Franklin II*). Franklin did not amend his complaints and the judgments of dismissal were entered. Franklin appeals the dismissal of 40 of his actions, the denial of his request for appointment of counsel, and the order limiting his number of IFP filings.[3]

I

Section 1915(d) Dismissals

A. Procedural Protections under Section 1915(d)

In *Franklin I* we left open the question whether a court may dismiss a

---

1. Franklin paid the filing fees on all 15 of these cases.

2. Where a plaintiff seeks to proceed without payment of fees or costs, "[t]he court may ... dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d).

3. Franklin apparently has not pursued his appeal of 8 additional cases, Civ. Nos. 82–045, 82–049, 82–051, 82–052, 82–054, 83–705, 83–706, and 83–709, in which the district court denied him in forma pauperis status on appeal because it found the appeals were not filed in good faith. Because these cases were not docketed with this court, we do not dispose of them in this decision.

frivolous IFP action sua sponte before service of process on the defendants. *Franklin v. State of Oregon*, 662 F.2d 1337, 1340 n. 1 (9th Cir.1981). We now decide that it may.

■ Where the plaintiff has paid the filing fees, the court may not dismiss an action before process is issued and served, and without giving plaintiff notice that the court intends to dismiss, an opportunity to oppose it, a statement of the grounds for dismissal, and an opportunity to amend. *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir.1970). The court may dismiss such an action without following the *Potter* procedures only when the court lacks subject matter jurisdiction. *Franklin I*, 662 F.2d at 1342.

A court may authorize a person who is unable to pay the costs of suit to proceed in forma pauperis. 28 U.S.C. § 1915(a). The statute also authorizes the court to dismiss an IFP action that is frivolous or malicious, but it does not indicate whether any procedural protections are required before such a dismissal. *See* 28 U.S.C. § 1915(d).[4]

The district court dismissed 24 of Franklin's cases under section 1915(d) before the court issued or served process, ruling that the in forma pauperis statute gives courts a broader discretion to dismiss frivolous actions filed at the court's expense.

In *Franklin I*, we disapproved of the court's sua sponte dismissal of actions where the fees have been paid before service of process because such procedure eliminates the traditional adversarial relationship, causes inefficiencies in the judicial process, and gives the appearance that the court is a proponent rather than an independent entity. *Franklin I*, 662 F.2d at

1341–42. But where the plaintiff is proceeding in forma pauperis, the impact of additional factors must be considered. Most importantly, IFP plaintiffs are immune from the economic deterrents to filing frivolous lawsuits, such as assignment of costs of suit and tort liability for abuse of process. In forma pauperis actions also involve more of the court's own resources. *See Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir.1983) (Cardamone, J., no judges joining opinion). Section 1915(d) therefore gives courts "an extra measure of authority in dealing with such actions." *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979).

The Prisoner Civil Rights Committee of the Federal Judicial Center recommends that the court make the frivolity determination before issuing process to protect defendants from the expense and inconvenience of answering a frivolous complaint. Federal Judicial Center, *Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts* 59 (1980).

Most of the circuits that have considered the question follow the procedures recommended by the Federal Judicial Center and permit dismissal of frivolous IFP actions before issuance of process. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir.1982) (per curiam); *Collins v. Cundy*, 603 F.2d at 827–28 (10th Cir.1979) (per curiam); *Boyce v. Alizaduh*, 595 F.2d 948, 950 (4th Cir.1979); *Watson v. Ault*, 525 F.2d 886, 893 (5th Cir.1976). *But see Bayron v. Trudeau*, 702 F.2d 43, 45 (2d Cir. 1983); *Lewis v. New York*, 547 F.2d 4, 5 (2d Cir.1976) (error to dismiss under section 1915(d) before service of process, notice, and an opportunity to respond).[5]

---

**4.** The cases in this circuit upholding the dismissal of IFP actions pursuant to section 1915(d) have been inconsistent. *Compare Dodd v. Spokane County, Washington*, 393 F.2d 330, 333 n. 3 (9th Cir.1968) (procedural protections required) (dictum) and *Armstrong v. Rushing*, 352 F.2d 836, 837 (9th Cir.1965) (procedural protections required) *with Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir.1979) (procedural protections not required) (dictum) *and Boag v. Boies*, 455 F.2d 467, 468–69 (9th Cir.) (per curiam), *cert. denied*, 408 U.S. 926, 92 S.Ct. 2509, 33 L.Ed.2d 338

(1972) (section 1915(d) dismissal proper before service of process) *and Williams v. Field*, 394 F.2d 329, 330 (9th Cir.), *cert. denied*, 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968) (procedural protections not required).

**5.** The Seventh Circuit has held that if the court has granted the plaintiff IFP status, service of process is required before the district court may dismiss the case. The court may deny IFP status if the action is frivolous. *Wartman v. Branch 7, Civil Division, County Court*, 510 F.2d

We find persuasive the reasoning of the cases holding that courts may dismiss frivolous actions filed in forma pauperis before service of process and adopt the procedure recommended by the Federal Judicial Center and applied here by the district court.

## B. Definition of Frivolous

The standard in this circuit for dismissal of in forma pauperis actions as frivolous under section 1915(d) has been as unsettled as our position on the proper procedure to be followed in such dismissals. *See Gifford v. Tiernan*, 670 F.2d 882, 885 n. 7 (9th Cir.), *cert. denied*, 459 U.S. 804, 103 S.Ct. 28, 74 L.Ed.2d 43 (1982); *Franklin I*, 662 F.2d 1337, at 1340 n. 1. Our cases have suggested that an IFP action may be dismissed as frivolous: (1) when, despite a formally alleged cause of action, the court finds the action is frivolous, *Stiltner v. Rhay*, 322 F.2d 314, 316 (9th Cir.1963), *cert. denied*, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964); (2) when the complaint fails to state a claim according to Fed.R. Civ.P. 12(b)(6), *Boag v. Boies*, 455 F.2d 467 (9th Cir.), *cert. denied*, 408 U S. 926, 92 S.Ct. 2509, 33 L.Ed.2d 338 (1972); and (3) only when the fees have been paid, *Reece v. Washington*, 310 F.2d 139, 140 (9th Cir. 1962).[6] We attempt here to resolve the confusion these cases have created for the district courts by defining the frivolity standard for IFP actions.

We agree with the district court that the rule from *Franklin I*, that where the plaintiff has paid the fees and his complaint states jurisdictional facts, the court may not sua sponte dismiss such an action before issuing and serving process, is "simply far too easy" a standard to apply to IFP actions. *Franklin II*, 563 F.Supp. 1310,

1325 (D.Or.1983).[7] We disagree, however, with the standard applied here by the district court. The district court, quoting from *Daves v. Scranton*, 66 F.R.D. 5, 7 (E.D.Pa.1975), defined a nonfrivolous IFP complaint as one that, "[S]tates a claim which has a reasonable probability of succeeding on the merits .... In evaluating this complaint I must assess *inter alia*, the merit of plaintiff's legal theory, the credibility of his allegations, as well as the existence of possible defenses ...." *Franklin II*, 563 F.Supp. at 1323–24. We reject this standard because it would give trial courts almost unreviewable discretion. *See Williams v. Field*, 394 F.2d 329, 331 (9th Cir.), *cert. denied*, 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968) (rejecting definition of frivolity as slight chance of success on the merits).

Most of the circuits that have addressed the issue have applied a modified form of the frivolity test from *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967) (appeal is frivolous where it lacks "arguable merit"), to section 1915(d) dismissals. In *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976), the court held that an IFP action must have arguable substance in law and fact. It described the trial court's determination of the frivolity of pro se prisoners' civil rights actions under section 1915(d) as "an assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id. Accord Crisafi v. Holland*, 655 F.2d 1305, 1307 (D.C.Cir.1981) (per curiam); *Boyce v. Alizaduh*, 595 F.2d 948, 951–52 (4th Cir. 1979). *Cf. Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815

130, 132–34 (7th Cir.1975). This circuit, however, grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint on the grounds that it is frivolous. *See Stiltner v. Rhay*, 322 F.2d 314, 317 (9th Cir.1963), *cert. denied*, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964).

**6.** A paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdic-

tion, *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974), and may be dismissed sua sponte before service of process. *Franklin I*, 662 F.2d at 1342. *See also Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) (court lacks subject matter jurisdiction where claim is "wholly insubstantial and frivolous").

**7.** We note that no other circuit has adopted the *Franklin* rule for IFP actions.

(10th Cir.1981), *cert. denied,* 459 U.S. 840, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982) (defining frivolity as "whether a plaintiff can make a rational argument on the law and facts in support of his claims" without mentioning *Anders* ). We adopt the *Watson* standard of frivolity.

■ The legal component of the 1915(d) frivolity standard is thus similar to the test for dismissal of pro se complaints for failure to state a claim. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (pro se complaint may be dismissed for failure to state a claim only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").[8] We therefore reject the district court's suggestion that it may "... assess ... the credibility of [the plaintiff's] allegations," *Franklin II,* 563 F.Supp. at 1324, at this stage of the proceeding. The defendants have made no response at this point. The IFP plaintiff's sworn allegations are thus uncontroverted and entitled to the usual presumption of truth.[9]

This does not mean that a court may never dismiss as frivolous a complaint that states a claim. As stated by the District of Columbia Circuit,

A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind. Similarly, 'a complaint conflicting with facts of which the district court may take judicial notice might also properly be dismissed under Section 1915(d).' *Taylor v. Gibson,* 529 F.2d 709, 717 (5th Cir.1976).

*Crisafi v. Holland,* 655 F.2d 1305, 1307–08 (D.C.Cir.1981) (per curiam) (footnote omit-

ted). We have applied a similar analysis in this circuit to cases dismissed where the filing fee has been paid. District courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Franklin I,* 662 F.2d at 1342 (court may dismiss claim that is "wholly insubstantial and frivolous"). We have also approved of dismissing in forma pauperis complaints that state a claim where the records and files of the court or other material properly noticed by the court show the claim to be frivolous. *See Williams v. Field,* 394 F.2d 329, 331 (9th Cir.), *cert. denied,* 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968); *Stiltner v. Rhay,* 322 F.2d 314, 316 (9th Cir.1963), *cert. denied,* 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964).

The district court's opinion raises one additional question concerning the frivolity standard: whether a court may dismiss an action as frivolous where a complete defense is obvious from the pleadings. The district court ruled that this procedure is permissible in assessing the frivolity of IFP actions in spite of this court's disapproval of the anticipation of defenses in dismissing actions for lack of subject matter jurisdiction in *Franklin I,* 662 F.2d at 1346. We agree.

■ An action may be dismissed under section 1915(d) where the defense is complete and obvious from the face of the pleadings or the court's own records. Where a plaintiff raises a defense that would defeat the action, the complaint fails to state a claim on which relief may be granted. *See* 2A Moore's *Federal Practice* ¶ 12.08 (complaint may be dismissed for failure to state a claim if it discloses some fact which will necessarily defeat the

---

**8.** Two circuits use the Fed.R.Civ.P. 12(b)(6) standard to define frivolity of actions filed pro se. *See Malone v. Colyer,* 710 F.2d 258, 260 (6th Cir.1983); *Wilson v. State of Iowa,* 636 F.2d 1166, 1168 (8th Cir.1981). To assess the frivolity of a complaint, these circuits assume the truth of the factual allegations and only test the legal sufficiency of the pleadings.

**9.** Pro se plaintiffs proceeding IFP must also be given an opportunity to amend their complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Stanger v. City of Santa Cruz,* 653 F.2d 1257, 1257–58 (9th Cir.1980); *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir. 1980).

claim). Dismissal based on a complete defense which appears on the face of the pleadings is distinguishable from the court's anticipation of potential defenses not obvious from the pleadings which was criticized in *Franklin I.* In *Franklin I,* we held that such conduct put the trial court in the improper posture of being an advocate for the defendant by raising possible defenses. These problems do not exist where the existence of a complete and obvious defense is apparent from the allegations of the complaint.

## C. Frivolity Standard Applied to Franklin's Actions

We now apply our legal conclusions to the 28 cases on appeal that were dismissed as frivolous under section 1915(d).

### Cases Affirmed

We have reviewed the following cases and affirm, finding for the reasons set forth in the district court's opinion, *Franklin II,* 563 F.Supp. at 1325–1332, that the actions lack arguable substance in law or fact:

*Franklin v. Hill,* No. 83–3957 (Civ. No. 82–048);

*Franklin v. Brown,* No. 83–3958 (Civ. No. 82–050);

*Franklin v. John Doe, Managers of Channel 12,* No. 83–3951 (Civ. No. 82–035);

*Franklin v. Cupp,* No. 83–3953 (Civ. No. 82–042);

*Franklin v. Cupp,* No. 83–3954 (Civ. No. 82–044);

*Franklin v. United States Attorney General,* No. 83–3956 (Civ. No. 82–047);

*Franklin v. Reagan,* No. 83–3959 (Civ. No. 83–0698);

*Franklin v. Attorney General Brown,* No. 83–3960 (Civ. No. 83–0699);

*Franklin v. Cupp,* No. 83–3961 (Civ. No. 83–0700);

*Franklin v. Cupp,* No. 83–3962 (Civ. No. 83–0701);

*Franklin v. Cupp,* No. 83–3963 (Civ. No. 83–0702);

*Franklin v. Cupp,* No. 83–3964 (Civ. No. 83–0703);

*Franklin v. Cupp,* No. 83–3966 (Civ. No. 83–0707);

*Franklin v. Frohnmayer,* No. 83–3967 (Civ. No. 83–0708);

*Franklin v. Cupp,* No. 83–3968 (Civ. No. 83–0710);

*Franklin v. Sgt. Garcia,* No. 83–3969 (Civ. No. 83–0711);

*Franklin v. Miller,* No. 83–3970 (Civ. No. 83–0712);

*Franklin v. Brurdsman,* No. 83–3971 (Civ. No. 83–0713);

*Franklin v. Everetts,* No. 83–3972 (Civ. No. 83–0714);

*Franklin v. Baker,* No. 83–3973 (Civ. No. 83–0715);

*Franklin v. Graham,* No. 83–3974 (Civ. No. 83–0716);

*Franklin v. Ermon,* No. 83–3976 (Civ. No. 83–0718);

*Franklin v. Beals,* No. 83–3977 (Civ. No. 83–0719); and

*Franklin v. Cupp,* No. 83–3978 (Civ. No. 83–0721).

We also affirm the dismissal of the following actions for the reasons stated here:

*83–3965*

In *Franklin v. Dr. Wilson,* No. 83–3965 (Civ. No. 83–0704), we affirm the dismissal for frivolity on the ground that Franklin's medical malpractice claim has no arguable substance in law or fact against the state defendants. Absent a showing of diversity of citizenship, the district court has no subject matter jurisdiction over a medical malpractice claim against private doctors.

*83–3975*

In *Franklin v. Atiyeh,* No. 83–3975 (Civ. No. 83–0717), Franklin sued the Governor, the Attorney General, and the State Superintendent of Prisons for violating his civil rights by denying him access to church services. He alleges that church services were held on a floor without elevator service and that his leg and back injuries prevented him from climbing stairs. The

**1230**

district court dismissed the action as frivolous because it was barred by the statute of limitations and the doctrine of res judicata. We affirm.

■■■ Franklin first requested injunctive relief. In a continuing violation, the Oregon two-year limitation period runs from the last act committed. *See Kosikowski v. Bourne*, 659 F.2d 105, 106 (9th Cir. 1981). This action does not appear to be barred by the statute of limitations because Franklin alleges that he gained access to religious services only two days before the complaint was filed. Franklin's request for injunctive relief is moot, however, because he now has received access to church services.

■■■ We also affirm the dismissal of Franklin's request for damages under the doctrine of res judicata. As the district court noted, Franklin has brought four previous actions to get an elevator in the prison. These actions were dismissed by the district court as so insubstantial as not to confer federal subject matter jurisdiction. "Under the doctrine of res judicata, a final judgment on the merits precludes the parties from relitigating claims which were or could have been raised in that action." *Amaro v. Continental Can Co.*, 724 F.2d 747, 749 (9th Cir.1984). Franklin has indicated no reason why he could not have raised this legal theory in his prior actions.[10]

### Cases Remanded

Finally, we reverse and remand the following two cases dismissed as frivolous by the trial court:

*83–3952*

■■ In *Franklin v. Cupp*, No. 83–3952 (Civ. No. 82–040), Franklin sued the State Superintendent of Prisons and staff of the Oregon State Hospital for limiting his association with other mentally and emotionally disturbed inmates. The district court suggested that Franklin's complaint stated a

claim but dismissed it as frivolous. He found that this action had no reasonable chance of success on the merits because Franklin had stated in his affidavit that the staff restricted his association with other inmates on the grounds that he was interfering with their treatment program. *Franklin II*, 563 F.Supp. at 1327. We acknowledge that if Franklin's complaint had raised this defense, it would lack arguable substance. Upon review of the papers submitted by Franklin, however, we find that Franklin did not raise this defense. Franklin simply alleged that the hospital staff told other inmates not to associate with him and threatened to punish him if he talked with other inmates. Construing these pro se pleadings liberally, as we must, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Franklin's pleadings arguably stated a claim for violation of his freedom of association.

■■■ "A prison inmate retains those first amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). However, the associational rights of prisoners "may be curtailed whenever the institution's officials, in the exercise of their informed discretion, reasonably conclude that such associations ... possess the likelihood of disruption of prison order or stability ..." *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 132, 97 S.Ct. 2532, 2541, 53 L.Ed.2d 629 (1977). Although Franklin does not allege that the prison's limitation on his right to associate is arbitrary, he has not been notified of this defect in his pleadings and given an opportunity to amend. We therefore reverse and remand this claim to give Franklin an opportunity to amend his complaint. If, however, Franklin is unable to show that the hospital's actions were arbitrary and unnecessary to the maintenance of order in the institution, this action should be dismissed as frivolous.

---

**10.** We also affirm the court's denial of Franklin's motion to permit service of process in the cases previously dismissed and to amend his complaints in cases Nos. 83–3959, 83–3961, 83–

3968, 83–3970, 83–3971, 83–3972, 83–3973, 83–3975, 83–3976 and 83–3977. The court correctly ruled that the proposed amendments would not save Franklin's cases from dismissal.

83–3955

█ We affirm the dismissal of one claim and reverse and remand the other claim in *Franklin v. Cupp,* No. 83–3955 (Civ. No. 82–046). Franklin challenges the constitutionality of Ore.Rev.Stat. §§ 137.-280(1)(a) and (d),[11] which prohibit a felon from running for or holding office and from voting while imprisoned. We affirm the court's dismissal of Franklin's challenge to the voting provision of subsection (d) on the authority of *Richardson v. Ramirez,* 418 U.S. 24, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974) (state statute disenfranchising exfelons does not violate fourteenth amendment). We reverse the court's dismissal of the challenge to subsection (a) because we find it has arguable substance in law and fact.

█ Ore.Rev.Stat. § 137.280(1)(a), which bars felons from running for office, arguably violates Franklin's first amendment rights. *See Minielly v. State of Oregon,* 242 Or. 490, 411 P.2d 69 (1966) (en banc) (holding that a statute barring civil service employees from public office violates their first amendment right to engage in political expression). *Richardson* does not necessarily control because it was decided on the implicit permission to strip felons of the right to vote found in section 2 of the fourteenth amendment. Thus Franklin's claim has arguable legal substance, and his allegations that he wishes to run for Governor provide sufficient factual substance to survive dismissal. Although we do not express an opinion as to the merits of this claim, the district court should not have dismissed it as frivolous.[12]

D. Limitation on In Forma Pauperis Filings

█ To put an end to Franklin's abuse of the court's IFP procedure, the district court entered an order limiting Franklin to six in IFP filings per year. After six filings, Franklin must pay the applicable filing fees. We review this order under the abuse of discretion standard. *See Weller v. Dickson,* 314 F.2d 598, 600 (9th Cir.), *cert. denied,* 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963).

█ The district court's order is an extraordinary sanction. Franklin's filings have been equally as extraordinary.[13] A large portion of his filings have been undeniably frivolous, such as claims that his civil rights were violated by: a television announcer calling an 18-wheel truck a 14-wheeler; a prison officer over-watering the lawn; the prison's use of aluminum pans for baking desserts; and a federal regulation requiring seat-belts for automobiles but not for horses. The district court is understandably weary of Mr. Franklin. Prisoners, however, have a constitutional right of access to the courts, however. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). The right to access is not absolute, but it must be "adequate, effective and meaningful." *Id.* at 822, 97 S.Ct. at 1495. We recognize that an indigent may not be required to pay a filing fee to file a habeas corpus petition, *Smith v. Bennett,* 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961), nor be required to pay to file a civil action involving a fundamental constitutional right. *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (filing fee for divorce). This court has held, however, that court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process. *Weller,* 314 F.2d at 600.

█ An order limiting a prisoner's access to the courts must be designed to

---

**11.** The legislature repealed Ore.Rev.Stat. §§ 137.280(1)(a) and (d) and replaced it with similar provisions. *See* Ore.Rev.Stat. §§ 137.-281(3)(a) and (d), 1983 c. 515 §§ 1, 2.

**12.** We note, however, that this entire claim may be moot by the time the district court reinstates

it. Both sections of the challenged statute apply only to incarcerated felons and Franklin is scheduled to be paroled soon.

**13.** By Franklin's count, he has filed over 100 separate actions in the District Court of Oregon.

preserve his right to adequate, effective, and meaningful access, *Bounds*, 430 U.S. at 822, 97 S.Ct. at 1495, while protecting the court from abuse. We agree with the district court that six free filings per year should be adequate access, but we cannot be certain that it will. If a request is made for the filing of additional cases beyond the number prescribed by the court, Franklin must be afforded an opportunity to make a showing that the limitation to six filings is prejudicial because inclusion of these claims by amendment of his existing claims is not possible. If such a showing is made, the district court must amend its order. This will avoid the constitutionally questionable conclusive presumption that all of Franklin's subsequent submissions are frivolous or malicious. *See In re Green*, 669 F.2d 779 (D.C.Cir.1981) (order barring all further IFP filings as sanction for abuse violates fourteenth amendment).

Furthermore, for any additional filings beyond the six provided in the district court's order, we impose the following requirement:

> Petitioner may not file any civil action without leave of court. In seeking leave of court, petitioner must certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. Upon failure to certify or upon a false certification, petitioner may be found in contempt of court and punished accordingly.

*In re Green*, 669 F.2d 779, 787 (D.C.Cir. 1981). Although this requirement places the burden upon Franklin to show that his claim has merit, it will not deny Franklin access to the courts on any nonfrivolous claim.

## II

### Dismissal for Failure to Prosecute

A district court may sua sponte dismiss a case for failure to prosecute. *Link v. Wabash Railroad*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). *Cf.* Fed.R.Civ.P. 41(b) (defendant may move to dismiss for plaintiff's failure to prosecute or to comply with court order). This court, however, will not overturn a district court's dismissal pursuant to Rule 41(b) unless the district judge clearly abused his discretion. *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1278 (9th Cir.1980); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

To determine whether to dismiss a case for failure to prosecute, "[t]he district court must weigh its need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits." *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir.1983). A case will be dismissed only for an unreasonable failure to prosecute, however. *Nealey*, 662 F.2d at 1280. The plaintiff has the burden of persuading the court of the reasonableness of his delay and the lack of prejudice to the defendant. The burden of producing evidence of prejudice, however, shifts to the defendant where the plaintiff presents a non-frivolous excuse for his inaction. *Id.* at 1280–1281. Before the court dismisses an action with prejudice for failure to prosecute, it must also warn the plaintiff that he or she is risking dismissal. *Tolbert v. Leighton*, 623 F.2d 585, 587 (9th Cir.1980). The court must then explore all reasonable alternatives to dismissal with prejudice. *Mir*, 706 F.2d at 919; *Tolbert*, 623 F.2d at 587 (9th Cir.1980).

The district court dismissed 11 of Franklin's cases for failure to prosecute. On December 9, 1982, the court ordered Franklin to serve process in all his pending actions by February 15, 1983 or it would dismiss them. Franklin responded on March 9, 1983, requesting the judge to appoint new counsel for him and to extend the time in which to serve process. The court denied Franklin's motions and dismissed.

*83–3939, 83–3944, 83–3945, 83–3947, 83–3948, and 83–3949*

*Franklin v. Murphy*, No. 83–3939 (Civ. No. 79–634), *Franklin v. Yamhill County,*

No. 83–3944 (Civ. No. 79–990), *Franklin v. Yamhill County*, No. 83–3945 (Civ. No. 79–991), *Franklin v. Cupp*, No. 83–3947 (Civ. No. 79–1051), *Franklin v. Cupp*, No. 83–3948 (Civ. No. 79–1160), and *Franklin v. Yamhill County*, No. 83–3949 (Civ. No. 79–1322) were originally dismissed by the district court before service of process, but were reversed by this court on appeal and remanded in *Franklin I.* The cases were reinstated by the district court in January 1982. Franklin failed to serve process on any of the defendants.

■ The district court did not clearly abuse its discretion by dismissing these cases in which Franklin had not yet served process. The court warned Franklin that they would be dismissed and it considered all reasonable alternatives. *See Tolbert*, 623 F.2d at 587. Although the court did not have any evidence of actual prejudice to the defendants, it correctly ruled that Franklin had the burden of persuasion on that issue and that he did not meet it.[14] As this court has noted, "[d]elay in serving a complaint is a particularly serious failure to prosecute." *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir.1976). The court, therefore, did not abuse its discretion.

### 83–3940, 83–3941, and 83–3946

■ The court also dismissed these three cases, *Franklin v. Hays*, No. 83–3940 (Civ. No. 79–985), *Franklin v. Billings*, No. 83–3941 (Civ. No. 79–986), and *Franklin v. Yamhill County*, No. 83–3946 (Civ. No. 79–992), for failure to prosecute, although Franklin had served process on at least one defendant in each case.[15] Because we find that the district court did not warn Franklin that he was risking dismissal on these specific cases, we reverse and remand.

This district court had previously dismissed these three cases; it reopened them on its own motion on January 11, 1982 after this court's decision in *Franklin I.* Although the court warned Franklin that he risked dismissal if he did not serve process in his cases by February 15, 1983, it did not warn him that he must take some additional action on the cases in which he had served process.

■ Dismissal is a harsh penalty and should be imposed only in extreme circumstances. *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir.1981) (per curiam). In *Tolbert v. Leighton*, 623 F.2d 585, 587 (9th Cir. 1980), we held that a court abused its discretion by dismissing an action that was only seven months old without warning the plaintiff's attorney that he risked dismissal by failing to appear at a status conference. *See also Witt v. United States*, 681 F.2d 1144, 1149 (9th Cir.1982) (abuse of discretion to dismiss action for failure to file a memorandum of points and authorities without warning or consideration of alternatives). The district court did not give Franklin sufficient warning that his inaction risked dismissal of the cases in which he had served process.

■ The district court also erred by finding that these cases were not "young." *See Tolbert*, 623 F.2d at 587. The court found these cases to be old because they

14. The burden of producing evidence of prejudice to the defendants did not shift because Franklin's excuse for his delay, that the court relieved his appointed attorney from the case because of Franklin's non-cooperation, was frivolous. *See Nealey*, 662 F.2d at 1280.

15. In No. 83–3940, Franklin sues Yamhill County, the state, Sheriff Meeker, and Officer Hays. The court dismissed the action against the County, the State, and Meeker on June 6, 1980. Franklin served process on Officer Hays on July 29, 1980, and Hays filed a response. The dismissal is therefore only reversed as to defendant Hays.

Franklin also served process on Officer Billings, a defendant in case No. 83–3941, on the same day. Because Franklin had previously dismissed the State and County as defendants in No. 83–3941 and had not served process on them, we reverse as to Officer Billings only.

Similarly in No. 83–3946, Franklin dismissed the action against Colin Armstrong, the State, and the County from the action and substituted Sheriff Meeker, the only defendant whom he served with process. We therefore reverse the dismissal as to Sheriff Meeker in No. 83–3946.

had been filed three to four years before the dismissal. The relevant time period in determining failure to prosecute, however, is the period of delay caused by the plaintiff, not the time from the filing of the complaint. *See Mir v. Fosburg,* 706 F.2d 916, 919 (9th Cir.1983); *Nealey,* 662 F.2d at 1280 (unavoidable delay is not basis for dismissal). The only period of delay attributable to Franklin is the 16 months between reinstatement of the case and its dismissal. The cases thus were not sufficiently old to justify their dismissal. Because the court failed to warn Franklin that some action was necessary to avoid dismissal of these cases, and because the period of delay attributable to Franklin was not long. We therefore find that the court abused its discretion by dismissing cases 83–3940, 83–3941, and 83–3946 against the defendants who had been served.

### 83–3950

In *Franklin v. Thompson,* No. 83–3950 (Civ. No. 80–216), Franklin sued Wanda Catt, an employee of the County Clerk's Office, and Robert Thompson, the prison librarian, for allegedly preventing him from timely filing a civil rights complaint. He later added the State of Oregon and Yamhill County as defendants. Franklin, however, served process on Thompson.

The district court only dismissed the action for failure to prosecute. We affirm as to defendants Catt, the State, and the County because Franklin had not served them with process after the court ordered him to do so.

We also affirm the dismissal as to defendant Thompson, but not on the grounds of failure to prosecute. This court may affirm on any basis presented by the record. *Compton v. Ide,* 732 F.2d 1429, 1433 (9th Cir.1984); *Mollnow v. Carlton,* 716 F.2d 627, 628 n. 1 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1595, 80 L.Ed.2d 126 (1984). We therefore affirm the dismissal of the action against Thompson on the ground that Franklin's allegations against Thompson are too insubstantial to create federal subject matter jurisdiction. *See Franklin I,* 662 F.2d at 1342–43.

Franklin removed from his complaint his allegation that Thompson had caused him to lose a $3 million lawsuit. Thus, although Franklin did not dismiss Thompson from the action, his complaint does not allege that Thompson engaged in any violation of Franklin's constitutional rights, and therefore does not state jurisdictional facts. *Franklin I,* 662 F.2d at 1342.

### Civ. No. 79–1158

In *Franklin v. Cupp,* Civ. No. 79–1158,[16] Franklin sued the prison psychiatrist, Dr. Wiesert, and the security sergeant, Sergeant Walker, for denying him exercise while he was in the Psychiatric Security Unit. Franklin did not serve process on either defendant. The district court dismissed the action for failure to prosecute.[17] We affirm.

This action was remanded in *Franklin I.* The district court reinstated it in January 1982. Franklin was warned in December 1982 that he risked dismissal by his failure to serve process on the defendants. We

---

**16.** We note that this case was never docketed in this court, apparently due to an oversight by the district court. Franklin filed a notice of his intent to appeal the entire district court decision, and requested IFP status on appeal. The district court either granted or denied IFP status on appeal for every case disposed of in its opinion except Civ. No. 79–1158. This court has jurisdiction because Franklin filed a notice of appeal. This panel hereby grants Franklin permission to appeal this action in forma pauperis, *see* 28 U.S.C. § 1915(a), and considers the appeal. (The Clerk has assigned docket number 83–4328.)

**17.** Franklin originally named the superintendent Hoyt C. Cupp and the State as defendants. He later amended his complaint to dismiss the action against those defendants and to substitute the staff psychiatrist and the security sergeant. Franklin then served process on Cupp and the State. The district court ruled that the original defendants were not parties to the action or, in the alternative, that the complaint failed to state a claim against them. Because we affirm the district court's decision on the first issue, we need not reach the second issue.

recognize that Franklin may not have served the correct defendants in this action because he was confused by the large number of lawsuits he had pending. However, even a pro se litigant must take some responsibility in the pursuit of his legal actions. We therefore hold that the district court did not abuse its discretion by dismissing this action.

## III

### Summary Judgments

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R. Civ.P. 56(c), *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 677 (9th Cir.1984). We review a grant of summary judgment de novo, viewing the evidence and the inferences therefrom in the manner most favorable to the party against whom summary judgment was granted. *Ward by and through Ward v. United States Department of Labor*, 726 F.2d 516, 517 (1984). Further, because Franklin is pro se, the court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). To avoid a summary judgment, however, Franklin may not rely solely on the allegations in his pleadings, he must present some "significant probative evidence tending to support the complaint." *General Business Systems v. North American Philips Corp.*, 699 F.2d 965, 971 (9th Cir. 1983); quoting *First National Bank v. Cities Service Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968).

*83–3942*

In *Franklin v. Yamhill County*, No. 83–3942 (Civ. No. 79–987), Franklin sued Yamhill County and Billings, a jail employee, for violating his civil rights by allegedly removing and copying his personal papers.[18] The court granted summary judgment for the County and Billings. We affirm. The affidavits submitted by the County and Billings state that they removed Franklin's papers at his request and did not copy them. Franklin did not file a response. Thus, no material fact is at issue and summary judgment was proper.

*83–3943*

In *Franklin v. Yamhill County*, No. 83–3943 (Civ. No. 79–988), Franklin sued Yamhill County and Officer Kowing for denying him regular exercise while he was held in segregated confinement in the Yamhill County jail. The district court granted summary judgment for the defendants.[19] We affirm. The affidavits submitted by Kowing and the County show that the staff gave Franklin an opportunity to exercise regularly but that he chose to remain in his cell. No material issues of fact exist and the defendants are entitled to judgment as a matter of law.

## IV

### Habeas Corpus

The district court dismissed two of Franklin's three habeas corpus petitions as repetitive. It permitted Franklin to amend the remaining petition to include any non-repetitive claims. Franklin apparently did not amend and he now appeals the dismissals.

The trial court does not have to entertain piecemeal litigation or collateral proceedings advanced with the purpose to vex, harass, or delay. *Sanders v. United States*, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1962). The district court

---

**18.** Originally, Franklin also sued the State of Oregon. The State moved to dismiss for failure to state a claim. Franklin voluntarily dismissed the action against the State.

**19.** Franklin originally named the State of Oregon and the County as defendants, but amended to substitute Officer Kowing for the State and County. Franklin served process only on the State and County, but Kowing responded also. The court dismissed the claim against the State because it was not a party, or in the alternative, for failure to state a claim. We affirm as to the State on the ground that Franklin voluntarily dismissed it as a party.

therefore did not err by dismissing Franklin's repetitious habeas claims.

## V

### Appointment of Counsel

After the district court relieved Franklin's appointed attorney of his responsibilities, Franklin moved that the court appoint him new counsel. The court denied the motion. We review the district court's decision under the abuse of discretion standard. *See United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981), *cert. denied,* 455 U.S. 958, 102 S.Ct. 1470, 71 L.Ed.2d 677 (1982).

A motion for appointment of counsel under 28 U.S.C. § 1915 is addressed to the sound discretion of the trial court and is granted only in exceptional circumstances. *McQuade,* 647 F.2d at 940. Franklin failed to cooperate with his first appointed attorney. Most of his actions were frivolous. He did not show exceptional circumstances to justify the appointment of another attorney. The court did not abuse its discretion by denying Franklin's motion.

AFFIRMED IN PART, REVERSED IN PART.