815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Darwin GRAVITT, Appellant.
 No. 86-1617.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1987.
 
 1
 Before LIVELY, Chief Judge, RYAN, Circuit Judge, and PORTER, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion for leave to proceed in forma pauperis, motion for counsel, injunction and investigation, appellant's informal brief, and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff has filed many civil rights actions in the district court. On June 5, 1986, the district court denied him leave to proceed in forma pauperis as to four complaints which were duplicative of other complaints he had previously filed. The order also denied him leave to file additional civil actions without leave of the court, and advised him that when seeking leave he must certify that the claims he wishes to raise are new claims never before raised in that court. Plaintiff appeals from the June 5, 1986, order.
 
 
 4
 Prisoners have a constitutional right of access to the courts but such access is not absolute. Bounds v. Smith, 430 U.S. 817 (1977); Green v. Warden, U.S. Penitentiary, 699 F.2d 364 (7th Cir.), cert. denied, 461 U.S. 960 (1983). A court can protect itself from abuse by limiting a prisoner's access to the court while at the same time preserving his right to adequate, effective and meaningful access. Bounds v. Smith, supra; Franklin v. Murphy, 745 F.2d 1221 (9th Cir.1984); In re Green, 669 F.2d 779 (D.C.Cir.1981). A court also has inherent power and a constitutional obligation to protect its jurisdiction from conduct which impairs its ability to carry out Article III functions. In re Martin-Trigona, 737 F.2d 1254 (2nd Cir.1984), cert. denied, --- U.S. ----, 106 S.Ct. 807 (1986). The June 5, 1986, order does not deprive plaintiff of adequate, effective and meaningful access to the court.
 
 
 5
 It is ORDERED that the motions filed in this Court be denied and the decision of the district court be affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David S. Porter, Senior Judge, U.S. District Court for the Southern District of Ohio, sitting by designation