972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ennis Edward WHITE, Plaintiff-Appellant,
v.
CITY OF TUCSON; Richard Miranda, Lt. Commander, TPD
Internal Affairs Division; Officer Cox, Internal
Affairs Division, Defendants-Appellees.
 No. 90-15647.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1992.*
Decided Aug. 18, 1992.
 
 1
 Before FLETCHER, T.G. NELSON, Circuit Judges, and WILSON,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ennis White, Appellant, appeals a district court decision dismissing his 42 U.S.C. § 1983 claim as frivolous. We reverse and remand.
 
 DISCUSSION
 
 4
 Appellant was arrested and incarcerated. In a pretrial investigation Vice Detective Michael Conto informed Pretrial Services that Appellant had a history of violent crimes against children, including a homicide. Detective Conto requested bond to be set at $1,000,000. Based on these allegations Pretrial Services recommended no release. Appellant alleges that Detective Conto's statements are false.
 
 
 5
 Appellant complained to the Tucson Police Department's Internal Affairs Division concerning Detective Conto's alleged activities in prostitution and the statements he made to Pretrial Services. Internal Affairs replied that the "complaint has been found to be not substantiated." Appellant filed suit against detectives Conto and Huff along with other officers in the United States District Court in Arizona; the disposition is unknown. Appellant subsequently filed this suit against the City of Tucson, Internal Affairs Division and named officers, alleging a violation of due process on account of Internal Affairs' inadequate investigation of Detective Conto's actions.
 
 
 6
 The district court dismissed the complaint, stating that Appellant had failed to allege facts which established "an affirmative link ... between the injury and the conduct of the defendant(s)." White v. City Tucson, CIV 90-0057-TUC-WDB (D.Ariz. March 13, 1990), citing Rizzo v. Goode, 423 U.S. 362, 371-72 (1976). As the complaint currently reads, we tend to agree that no claim has been stated: Appellant has asserted no specific injury flowing from the alleged false statements and allegedly inadequate investigation. Appellant claims that false statements about "the alleged Homicide and criminal history of the [Appellant]" were given to Pretrial Services. At another place he alludes to "violations of constitutional rights" overcoming immunity. He also refers to his letters of complaint involving deliberate indifference, malice, negligence and conspiracy. Nowhere does he state specifically the harm he has suffered, nor does he show cause and effect (that the utterance of the false statement or the inadequacy of the investigation deprived him of specified rights).
 
 
 7
 However, Appellant argues to this court that his inartful pleadings "intended to allege conspiracy and due process violations which caused injury in his criminal proceedings in Pima County." In view of our duty to construe pro se complaints liberally, see, e.g., Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir.1984), we conclude that Appellant must be given the opportunity to amend his complaint to attempt to allege facts which indicate a causal link between defendants' actions and a cognizable harm.
 
 
 8
 REVERSED AND REMANDED with instructions to grant leave to amend.
 
 WILSON, District Judge, dissenting:
 
 9
 Although Franklin v. Murphy, 745 F.2d 1221 (9th Cir.1984), does admonish that pro se complaints are to be construed liberally, I do not think it just to reverse the district court based upon constructions of the complaint made for the first time on appeal. Here, the district court considered all arguments presented. I cannot say that the district court erred in failing to consider the construction of the complaint championed on appeal, when that construction was never presented to the district court for consideration. I would affirm the district court and leave Appellant to refile. I respectfully dissent.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3