998 F.2d 1001
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Eleanor A. BENT, Plaintiff, Appellant,
v.
MASSACHUSETTS GENERAL HOSPITAL, et al., Defendants, Appellees.
 No. 93-1296.
 United States Court of Appeals,
First Circuit.
 July 20, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Eleanor A. Bent on brief pro se.
 Frank E. Reardon, Michael J. Racette and Hassan & Reardon on brief for appellees Massachusetts General Hospital and Cornelius Grania, M.D.
 Susan H. Williams and Taylor, Anderson & Travers on brief for appellee Falmouth Hospital.
 James A. Polcari and Dunn & Rogers on brief for appellee Alan Cordts, M.D.
 Jennifer Ellis Burke and Taylor, Anderson & Travers on brief for appellee South Shore Hospital.
 John M. Dellea and Ficksman & Conley on brief for appellees Burton Mendel, M.D. and Lahey Clinic Foundation.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 We conclude that the district court properly dismissed plaintiff's action for lack of subject matter jurisdiction.
 
 
 2
 Plaintiff complained of the treatment she and her mother received from various private doctors and other health care providers. She contended the providers' conduct was so egregious as to amount to a deprivation of her constitutional rights to privacy, life, liberty, and the pursuit of happiness.
 
 
 3
 Because the defendants are all private actors, plaintiff has failed to state any viable federal civil rights claim under 42 U.S.C. § 1983. Mendez v. Belton, 739 F.2d 15, 17 (1st Cir. 1984). At best, plaintiff set forth state law causes of action. As complete diversity of citizenship is lacking between the parties, the federal district court did not have jurisdiction to adjudicate the state law claims and properly dismissed the action. Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991) ("Under 28 U.S.C. § 1332(a)(1), there is diversity of citizenship if the plaintiff is a 'citizen' of a different state than all of the defendants.") (emphasis added); Franklin v. Murphy, 745 F.2d 1221, 1229 (9th Cir. 1984) (absent diversity, district court has no subject matter jurisdiction over medical malpractice claim against private defendants).
 
 
 4
 Affirmed.