July 20, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1296

ELEANOR A. BENT,
Plaintiff, Appellant,

v.

MASSACHUSETTS GENERAL HOSPITAL, ET AL.,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Breyer, Chief Judge,

Selya and Boudin, Circuit Judges.

Eleanor A. Bent on brief pro se.

Frank E. Reardon, Michael J. Racette and Hassan & Reardon on

brief for appellees Massachusetts General Hospital and Cornelius
Grania, M.D.
Susan H. Williams and Taylor, Anderson & Travers on brief

for appellee Falmouth Hospital.
James A. Polcari and Dunn & Rogers on brief for appellee

Alan Cordts, M.D.
Jennifer Ellis Burke and Taylor, Anderson & Travers on brief

for appellee South Shore Hospital.
John M. Dellea and Ficksman & Conley on brief for appellees

Burton Mendel, M.D. and Lahey Clinic Foundation.

Per Curiam. We conclude that the district court

properly dismissed plaintiff's action for lack of subject

matter jurisdiction.

Plaintiff complained of the treatment she and her mother

received from various private doctors and other health care

providers. She contended the providers' conduct was so

egregious as to amount to a deprivation of her constitutional

rights to privacy, life, liberty, and the pursuit of

happiness. Because the defendants are all private actors,

plaintiff has failed to state any viable federal civil rights

claim under 42 U.S.C. 1983. Mendez v. Belton, 739 F.2d 15,

17 (1st Cir. 1984). At best, plaintiff set forth state law

causes of action. As complete diversity of citizenship is

lacking between the parties, the federal district court did

not have jurisdiction to adjudicate the state law claims and

properly dismissed the action. Lundquist v. Precision Valley

Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991) ("Under 28

U.S.C. 1332(a)(1), there is diversity of citizenship if the

plaintiff is a `citizen' of a different state than all of the

defendants.") (emphasis added); Franklin v. Murphy, 745 F.2d

1221, 1229 (9th Cir. 1984) (absent diversity, district court

has no subject matter jurisdiction over medical malpractice

claim against private defendants).

Affirmed.

-2-