12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.W. DUNLAP, Plaintiff-Appellant,
v.
FEDERAL PRISON INDUSTRIES, INC.; William Fine, Foreman,
Defendants-Appellees.
 No. 93-5638.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1993.
 
 W.D.Tenn., No. 91-02331; McCalla, J.
 
 
 1
 W.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: NELSON and BATCHELDER, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 4
 J.W. Dunlap, pro se, appeals a district court order dismissing this civil rights claim for lack of subject matter jurisdiction. This complaint, filed on a form provided to prisoners for filing complaints under 42 U.S.C. Sec. 1983, was construed by the district court as one filed pursuant to the holding in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The defendants include Federal Prison Industries, Inc. (UNICOR) and a production foreman employed by that entity.
 
 
 5
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 In his complaint, Dunlap alleged that he was fired on December 30, 1990, from his employment with UNICOR "without provocations [sic]." This prisoner alleged that the discharge was unlawful and that it has affected him mentally and emotionally. After considering these allegations, the district court issued an order instructing Dunlap to amend his complaint within twenty days to set out the specific facts surrounding his termination and "why those facts support a cause of action against the defendants." In this order, the court notified the plaintiff that his allegations surrounding the incident were vague and conclusory, so that they were insufficient to support a cause of action in federal court. Further, the court warned Dunlap that any failure to amend his complaint may result in dismissal of his case.
 
 
 7
 Dunlap filed an Amended Complaint on February 13, 1992, repeating the factual allegations that he was unlawfully fired from employment by Federal Prison Industries. However, he added that he was employed in his position for approximately sixty months, that he was continuously rated as a "good worker/employee," that he had never received any type of disciplinary report or disciplinary sanction as a result of his work performance, and that he was arbitrarily fired in violation of the regulations at 28 C.F.R. Sec. 345.12(c) and (d).
 
 
 8
 The district court considered the Amended Complaint, but found that Dunlap had no constitutional right to, property interest in, or liberty interest in his prison job, so that the complaint lacked an arguable basis in law and fact. The court found the complaint "obviously frivolous" so that it did not confer federal subject matter jurisdiction upon the court, relying on Hagans v. Levine, 415 U.S. 528 (1974), and Franklin v. Murphy, 745 F.2d 1221 (9th Cir.1984). The court then dismissed the complaint, sua sponte, for lack of federal subject matter jurisdiction.
 
 
 9
 On appeal, Dunlap raises three issues: 1) he claims to have been denied due process of law without a hearing; 2) he alleges that the Bureau of Prisons violated the procedural regulations found at 28 C.F.R. Sec. 345.12; and 3) he states that he was not allowed to amend his complaint to "state a claim" upon which relief could be granted. On appeal, Dunlap has also filed a motion to vacate the judgment or, in the alternative, to allow him to amend his complaint pursuant to Fed.R.Civ.P. 15(a).
 
 
 10
 When the allegations of a complaint are totally implausible, attenuated, and insubstantial, a district court may dismiss a complaint for lack of subject matter jurisdiction. Hagans, 415 U.S. at 536-37. In Hagans, the Supreme Court reviewed the meaning of frivolity within this context, repeating the principal that "in the context of the effect of prior decisions upon the substantiality of constitutional claims ... claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous...." Hagans, 415 U.S. at 537-38 (citations omitted).
 
 
 11
 This court has consistently held that prisoners have no constitutionally protected property interest or liberty interest in prison employment. Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989). Further, it is clear that such a property or liberty interest may be created only by statutes, regulations or policies having language of an unmistakably mandatory character. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); Hewitt v. Helms, 459 U.S. 460, 466 (1983). If such language is not used, no property or liberty interest is created and a claim of wrongful deprivation must be dismissed. Codd v. Brown, 949 F.2d 879, 882 (6th Cir.1991). A review of the regulations found at 28 C.F.R. Sec. 345.12, relied upon by this plaintiff, reveals no such mandatory language creating a property or liberty interest upon which Dunlap could base a constitutional claim.
 
 
 12
 Finally, Dunlap's allegation that he was not permitted to amend his complaint is belied by the record itself.
 
 
 13
 Accordingly, Dunlap's motion to vacate the judgment and to amend the complaint is denied, and the district court's order dismissing his complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, U.S. District Judge for the Northern District of Ohio, sitting by designation