**Charles Ernest HILL, Plaintiff–Appellant,**

v.

**William J. CLINTON; et al., Defendants–Appellees.**

**No. 01–55919.**

**D.C. No. CV–00–00859–GLT.**

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

## MEMORANDUM**

Charles Ernest Hill appeals pro se the district court's dismissal of his action against numerous federal defendants, including former president Bill Clinton and the U.S. Supreme Court, for alleged constitutional violations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of standing, *Barrus v. Sylvania,* 55 F.3d 468, 469 (9th Cir.1995), and we affirm.

Hill does not have standing to pursue this action because he does not adequately allege he is personally injured by defendants' conduct. *See Idaho Conservation League v. Mumma,* 956 F.2d 1508, 1513 (9th Cir.1992) (stating standing requirements); *see Franklin v. Murphy,* 745 F.2d 1221, 1227 n. 6 (9th Cir.1984) (noting that a complaint that is "obviously frivolous" does not confer subject matter jurisdiction). Accordingly, the district court properly dismissed Hill's action for lack of standing. *See Barrus,* 55 F.3d at 470.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The district court properly denied as moot Hill's post-judgment request to take a deposition.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.