**Benjamin F. ELLIS, Plaintiff— Appellant,**

v.

**S. WHEELER and R. Sears, Defendants—Appellees.**

**No. 06–16930.**

United States Court of Appeals, Ninth Circuit.

. Submitted June 18, 2008.*

Filed July 10, 2008.

Benjamin F. Ellis, Soledad, CA, pro se.

Barry D. Alves, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Benjamin F. Ellis, a wheelchair-bound California prisoner, appeals pro se from

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**424**

the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo summary judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004). We review for abuse of discretion an order denying a request for appointment of counsel. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.1984). We affirm.

The district court properly granted summary judgment because Ellis did not raise a triable issue as to whether defendants disregarded an excessive risk of serious harm to Ellis when they ordered him to undress himself while sitting in his wheelchair and in an office chair without armrests. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety").

For the same reason, the district court properly granted summary judgment as to Ellis's claims concerning the manner in which he was returned to his cell, the verbal commands given to him while in his cell, and his placement in a holding cell without hand rails.

The district court did not abuse its discretion by denying Ellis's request for appointment of counsel, because this case does not present exceptional circumstances. *See Franklin*, 745 F.2d at 1236.

**AFFIRMED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.