**Bickett D. FORT, Plaintiff,**

v.

**Amos E. REED, et al., Defendants.**

**No. C–83–345–JLQ.**

United States District Court,
E.D. Washington.

Dec. 12, 1985.

Margaret Harris and Mark Wilson, University Legal Assistance, Spokane, Wash., for plaintiff.

Michael Lynch, Asst. Atty. Gen., Dept. of Corrections, Olympia, Wash., for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

QUACKENBUSH, District Judge.

Plaintiff filed this action under 42 U.S.C. § 1983 alleging defendants deprived him of access to the courts, unlawfully transferred him and deprived him of the possibility of furlough. Defendants' Motion for Summary Judgment (Ct.Rec. 31) and plaintiffs' Cross-Motion for Partial Summary Judgment (Ct.Rec. 41) were heard by this court on November 12, 1985. Margaret Harris and Mark Wilson represented plaintiff and Michael Lynch appeared on behalf of defendants. Plaintiff was granted an additional five days in which to respond to defendants' Motion for Summary Judgment.

Upon consideration of the pleadings and all documents regarding the summary judgment motions, the court finds there is no dispute as to the material facts. The relevant factual background is as follows: On October 29, 1982, plaintiff was transferred from Washington State Prison (WSP) in Walla Walla, Washington to Indian Ridge Treatment Center (IRTC) in Arlington, Washington. Because plaintiff was engaged in litigation at that time, he requested access to a more extensive law library than that available at IRTC.[1] At a classification hearing held at IRTC, plaintiff proposed five options to resolve his lack of access. These options including the proposal of transferring Mr. Fort back to WSP where an extensive law library is located. The committee choose this option and plaintiff was transferred to WSP on

November 22, 1982. Other facts will be introduced as they become relevant.

Plaintiff bases his denial of access claim on two grounds. First, he contends the facilities at IRTC are inadequate.[2] Mr. Fort, however, has failed to show how this situation interferred with his ability to prosecute his actions in court. The protected right is in access to court not in access to a complete law library. Although the ability to use such facilities may under some circumstances be necessary to ensure the right of access to the courts, plaintiff has not demonstrated that his opportunity to litigate his cases was unconstitutionally impinged upon during the four weeks he was incarcerated at IRTC. Moreover, once plaintiff made his need to have extended access to a more complete law library known, defendants acted to protect his right of access to the courts.

It is defendants' response to his need that plaintiff challenges in his second basis. Mr. Fort contends transferring him to WSP and the law library was an unlawful method of complying with the constitutional requirement of access. In support of their actions, defendants cite *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) in which the Supreme Court upheld a state plan which provided that inmates requiring access to legal materials would be transferred to certain institutions within the state system which housed such facilities.

Plaintiff argues *Bounds* is not controlling because the transfers which occurred in that case were temporary while Mr. Fort remained at WSP until he was released on parole. The Supreme Court, however, did not indicate that its decision in *Bounds* hinged on the temporary nature of the transfers. In fact, the Court stated other states' plans need not be identical to that of North Carolina in order to meet

---

1. Defendants concede that the legal facilities at IRTC, although in existence, are quite limited.

2. It appears that the proper venue for this action lay with the Western District because IRTC

is located there and all defendants reside in that district. Defendants, however, never properly raised the issue and thus it is waived in accordance with Fed.R.Civ.P. 12(h).

constitutional muster. *Id.* at 832, 97 S.Ct. at 1500. The Court went on to encourage the states to experiment within their existing institutional structures in order to provide the requisite access. The fact that Mr. Fort's transfer in fact became permanent does not, in and of itself, invalidate defendants' actions.

Plaintiff's "right to access is not absolute, but it must be 'adequate, effective and meaningful'". *Franklin v. Murphy,* 745 F.2d 1221, 1231 (9th Cir.1984) (*quoting Bounds v. Smith, supra,* 430 U.S. at 822, 97 S.Ct. at 1495). In light of the fact that inmates have no protected interest in being incarcerated in any particular institution within the state system, *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), the court finds plaintiff's right of access to the courts was not violated by his transfer to WSP.[3]

▪ Plaintiff next contends defendants transferred him in retaliation for exercising his right of access. Defendants assert they transferred plaintiff in order to protect that right. (*See* Affidavit of Lee Johnson attached to Ct.Rec. 45). Once movants satisfy their initial burden of showing there exists no disputed material facts, the burden shifts to the opponent to come forward with specific facts establishing that genuine issues remain for trial. Fed.R.Civ.P. 56(c) and (3); *Feldman v. Simkins Industries, Inc.,* 679 F.2d 1299 (9th Cir.1982). Generally, the opponent must present his facts in evidentiary form and cannot rest on his pleadings. However, where, as here, the plaintiff signs his complaint "under penalty of perjury," the court will treat the complaint as verified. Accordingly, to the extent the facts asserted in the complaint may be deemed to be within plaintiff's personal knowledge, the document will be treated as an affidavit presented in opposition to the motion for summary judgment.

▪ In his complaint, plaintiff alleges defendants intended the transfer as retaliation. He attempts to support his theory by arguing that the defendants' selection of the most restrictive of the five options demonstrates their animosity toward him. The court, however, does not agree that this fact gives rise to a genuine dispute as to defendants' motive. In fact, they acted in one of the manners proposed by plaintiff. Thus, the only evidence of retaliation is plaintiff's bald assertion. Because defendants' subject motivation could not be within Mr. Fort's personal knowledge, the court finds plaintiff has failed to establish that a genuine issue remains for trial regarding his retaliation contention. Because plaintiff has failed to demonstrate any retaliation, defendants are entitled to judgment as a matter of law on this claim.

▪ Finally, plaintiff argues the transfer interferred with his ability to obtain furlough. Plaintiff, however, has no protected interest in release prior to the expiration of his valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979). Because the Department of Corrections may exercise discretion in the grant or denial of furlough, there is no state created liberty interest in such status. *See In re Dowell,* 100 Wash.2d 770, 674 P.2d 666 (1984); *Baumann v. Arizona Department of Corrections,* 754 F.2d 841 (9th Cir.1985). Plaintiff therefore may not obtain relief under § 1983 for any infringement upon his request for furlough.[4]

Accordingly, plaintiff is not entitled to relief under § 1983 on any of the claims raised in this action. Defendants' Motion

---

**3.** Plaintiff also asserts that he was subject to poor treatment and physical accomodation during the process of his transfer. Although these allegations might state a constitutional violation on another basis, they are not relevant to the denial of access claim.

**4.** A similar analysis applies to any change in plaintiff's custody classification. *See In re Dowell, supra.* In regard to plaintiff's contention that his public safety factor was increased as a result of the transfer, Mr. Fort concedes this change did not affect his release date. Accordingly, he has failed to establish that any constitutional violation resulted from that change.

for Summary Judgment is GRANTED. Having so concluded, plaintiff's Cross-Motion for Partial Summary Judgment and defendants' Motion to Dismiss (Ct.Rec. 44) are DENIED. The complaint and claims therein are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED. The Clerk is directed to enter this Order and forward copies to plaintiff and counsel for defendants.