988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glen GILBERT, Plaintiff-Appellant,
v.
Booth GARDNER, Governor, Defendant,
and
Ernest W. PACKEBUSH, Superintendent, Eastern Washington
Pre-release, Defendant-Appellee.
 No. 92-36688.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington; No. CV-91-484-CI, Cynthia Imbrogno, Magistrate Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glen Gilbert appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Gilbert brought this action against superintendent Packebush of the Eastern Washington Pre-Release (EWPR) alleging that there was no law library at EWPR.[1] Gilbert alleged that this violated his constitutional right to access to the courts. The district court found that Packebush was entitled to qualified immunity and dismissed the action for failure to state a claim.
 
 
 4
 "[Q]ualified immunity protects 'government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The determination of whether qualified immunity applies requires a two-part analysis: 1) whether the right allegedly violated was clearly established, and 2) whether a reasonable officer could have objectively believed that his or her conduct was lawful. Act Up!/Portland v. Bagley, No. 90-35888, slip op. 1071, 1076-77 (9th Cir. Feb. 10, 1993). Available published decisions, including district court decisions, are relevant to determine whether a right was clearly established at the time of the alleged violation. Ward v. County of San Diego, 791 F.2d 1329, 1332 (9th Cir.1986), cert. denied sub nom., Duffy v. Ward, 483 U.S. 1020 (1987).
 
 
 5
 It is well established that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from persons trained in law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Nevertheless, the constitution does not guarantee a prisoner unlimited access to a law library. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). The prison need only provide law library access that meets minimum constitutional standards. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). In determining whether constitutionally adequate access has been provided, we "focus on whether the individual plaintiff before [us] has been denied meaningful access." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (quotation omitted).
 
 
 6
 Here, Packebush filed a motion to dismiss on the ground of qualified immunity alleging that because Gilbert could be transferred to an institution with a law library, Gilbert had constitutionally adequate access to a law library. The district court granted the motion, finding that Packebush was entitled to qualified immunity because a reasonable government official could believe that although EWPR did not have an adequate law library, a state-wide system that provides for transfer of prisoners with legal research needs to institutions with law libraries was constitutionally adequate. We agree.
 
 
 7
 In Bounds, the Supreme Court approved a system which provided that inmates needing law library access would be transferred to institutions which provided such facilities. 430 U.S. at 818-20, 832. Furthermore, in Fort v. Reed, 623 F.Supp. 1106 (E.D.Wash.1985), the district court addressed the constitutionality of law library access in the Washington State Prison system. There, plaintiff had alleged that the Indian Ridge Treatment Center, where he was housed, did not contain an adequate law library. The district court held that defendants provided plaintiff with constitutionally adequate access by transferring him to Washington State Penitentiary, which contained a complete law library. Id. at 1107-08. Although Gilbert alleged in his opposition to defendant's motion to dismiss that an individual might have to wait six months for a transfer, Gilbert did not allege that he suffered any harm from delay in a requested transfer. See Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1307-08 (9th Cir.1992) (party must allege actual or imminent injury, not merely hypothetical injury, to have standing to bring action), petition for cert. filed, 61 U.S.L.W. 3511 (U.S. Jan. 4, 1993) (No. 92-1144).
 
 
 8
 Given the state of the law on this issue, the district court correctly found that Packebush was entitled to qualified immunity on Gilbert's law library access claim because the option of transfer was constitutionally adequate to provide Gilbert with any law library access he required. See Bounds, 430 U.S. at 832; Fort, 623 F.Supp. at 1107-08. Thus, the district court correctly dismissed Gilbert's action for failure to state a claim.
 
 
 9
 Gilbert also sought injunctive relief in his complaint. Qualified immunity protects officials from actions for damages, but does not extend to actions for injunctive relief. Fry v. Melaragno, 939 F.2d 832, 839 (9th Cir.1991). Nevertheless, because Gilbert is no longer housed at EWPR, his claim for injunctive relief is moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam).[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, to the extent Gilbert requests oral argument, we deny that request
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his original complaint, Gilbert also alleged other claims against other defendants. These claims were dismissed by the district court prior to service of process. Gilbert does not raise the issue of the dismissal of these claims on appeal. Accordingly, we do not reach this issue. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)
 
 
 [2]
 We also affirm the district court's denial of Gilbert's motions for sanctions and appointment of counsel. See Wood, 900 F.2d at 1335
 
 
 [3]
 On January 28, 1993, Gilbert filed a letter with this court requesting an extension of time in which to file his reply brief. Gilbert's reply brief was due on December 9, 1992. Because Gilbert's request for an extension was filed late, and in light of our disposition, we deny his request