972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hulen T. HARRELL, Plaintiff-Appellant,
v.
Daniel McCARTHY, Director, Department of Corrections,
Defendant-Appellee.
 No. 88-15481.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 27, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hulen Harrell, a California prisoner, appeals the dismissal of his section 1983 action. We reverse.
 
 
 3
 Harrell's complaint alleges that he and other black inmates at Soledad State Prison have been subjected to unnecessary lockdowns, in violation of the Eighth Amendment to the United States Constitution. He seeks declaratory and injunctive relief. Harrell sent his complaint to the court together with a petition to proceed in forma pauperis ("IFP") and a request for service of process by the United States Marshals. The district court filed the complaint, but did not issue process or explicitly rule on Harrell's request to proceed IFP. Four years later, the court issued an order dismissing the action for failure to prosecute and, in the alternative, because it was moot.
 
 
 4
 The order dismissing Harrell's suit cannot be sustained on the bases cited by the district court. Before the court on its own motion dismisses for failure to prosecute, it must warn the plaintiff that he risks dismissal. Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir.1984); see also Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992). The court below gave Harrell no indication that it was considering dismissal.
 
 
 5
 Nor does it appear that the case is moot. Although the record suggests that he may have been briefly transferred to another institution subsequent to the dismissal order, Harrell declares on appeal that he is currently incarcerated at Soledad. His complaint and appeal brief assert that discriminatory and unnecessary lockdowns have occurred more than once; construing his pleadings liberally, he alleges that such lockdowns are a recurring feature of life at Soledad. The lockdowns, according to Harrell, last from one to a few weeks. They thus appear, on the record before us, to be capable of repetition yet evading review. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam).
 
 
 6
 Because the court dismissed Harrell's complaint prior to issuance of process, we also consider whether the action was properly dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). Rizzo v. Dawson, 778 F.2d 527, 529 (9th Cir.1985). An action is frivolous within the meaning of section 1915(d) "if it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Harrell's complaint is not frivolous. He asserts that black inmates have been subjected to lockdowns without access to exercise, tobacco, sundries, or hot meals, and with only limited shower privileges, for weeks at a time without penological justification. His factual allegations are not fanciful or fantastic, see Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992), and his claims have an arguable basis in law. Although prison officials may impose a lockdown when an emergency exists or for valid disciplinary reasons, lockdown orders and conditions must satisfy Eighth Amendment scrutiny. See Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir.1982). Harrell's complaint sufficiently alleges that the lockdowns complained of lacked penological purpose to survive dismissal under section 1915(d).
 
 
 7
 We conclude that the district court erred in dismissing Harrell's action prior to issuance of process and without notice to Harrell.
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4