15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael L. LEE, Plaintiff-Appellant,
v.
Carmen C. LEE, et al., Defendants-Appellees.
 No. 93-35132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 13, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Lee appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action as frivolous under 42 U.S.C. Sec. 1915(d).[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's dismissal of an action under section 1915(d) for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 The district court may dismiss a complaint filed in forma pauperis prior to service of process if the complaint is frivolous. 28 U.S.C. Sec. 1915(d). A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint reciting bare legal conclusions with no suggestion of supporting facts is frivolous. See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984).
 
 
 4
 Plaintiff filed this action against the state courts of Washington, a state court judge, plaintiff's former wife, and her attorney. Plaintiff's complaint contained vague and conclusory allegations that the Washington state courts deprived him of access to the courts, deprived him of due process, violated default rules, discriminated based on sex, and violated federal labor laws. Plaintiff also alleged "inverse condemnation," and "eminent domain" against one of the state court defendants. Plaintiff alleged that the individual defendants violated federal labor laws and insurance fraud, deprived him of due process and access to the courts, committed litigation fraud, check fraud, and inverse condemnation.[2]
 
 
 5
 The district court notified plaintiff that his complaint was deficient and provided him two opportunities to amend his complaint to cure the deficiencies. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Plaintiff failed to comply with the district court's orders and instead filed a "notice of amended complaint" which purported to name the district court judge as a party to this action.[3] Because plaintiff's complaint merely recited legal conclusions with no discussion of the factual basis for his claims, the district court properly dismissed this action as frivolous. See Murphy, 745 F.2d at 1228. Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court based its dismissal on several grounds each of which independently justifies dismissal of this action. Because we may affirm on any ground presented in the record, see United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993), we do not address the district court's other grounds for dismissal
 
 
 [2]
 Plaintiff attached to his complaint approximately 25 pages of miscellaneous documents most of which appear to relate to a state court domestic relations actions. Plaintiff failed to alleged any connection between these documents and his complaint. To the extent plaintiff challenges the state court orders, this court lacks the jurisdiction to review those orders. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989)
 
 
 [3]
 The district court judge recused himself, and this action was reassigned to the judge who ultimately entered the dismissal order