62 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Vincent ZANKICH, Plaintiff-Appellant,
v.
Dean TREBESCH, Maricopa County Public Defender, individually
and in his official capacity; Maricopa County, Arizona; Roy
Pederson, individually and in his official capacity as
County Manager, Maricopa County; Don E. McDaniel, Jr.,
individually and in his official capacity as Deputy County
Manager, Maricopa County Arizona; Portia Erickson,
individually and in her official capacity as Director,
Management Analysis for Maricopa County, AZ; Tom Rawles,
individually and in his official capacity as a member of the
Maricopa County Board of Supervisors; JIM Bruener,
individually and in his official capacity as a member of the
Maricopa County Board of Supervisors; Betsey Bayless,
individually and in her official capacity as a member of the
Maricopa County Board of Supervisors; Ed King, individually
and in his official capacity as a member of and constituting
the Maricopa County Board of Supervisors; Mary Rose Wilcox,
individually and in her official capacity as a member and
constituting the Maricopa County Board of Supervisors,
Defendants-Appellees.
 No. 94-16694.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James V. Zankich, an Arizona state prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal, without prejudice, of his 42 U.S.C. Sec. 1983 action.[1] Zankich contends his civil rights were violated because defendants failed to provide sufficient funding for the county public defender program, and thereby made him unable to prepare adequately for his state criminal trial. Zankich seeks injunctive and declaratory relief, and damages. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291,[2] and we affirm.
 
 
 3
 We review the district court's sua sponte dismissal prior to service of process for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). An in forma pauperis complaint may be dismissed before service of process under 28 U.S.C. Sec. 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir. 1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325. Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to notice and an opportunity to amend the complaint before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).
 
 
 4
 Zankich contends that the district court erred by: (1) describing his claim as one for ineffective assistance of counsel; and (2) finding his action barred because it challenged the legality of his conviction. These contentions lack merit.
 
 
 5
 Because Zankich's allegations of inadequate funding for appropriate representation necessarily imply the invalidity of his conviction, and he has not shown that his conviction has been overturned, or otherwise invalidated, Zankich has no damages claim at this time. See Heck v. Humphrey, 114 S. Ct. 2364, 2373 (1994); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995). Because Zankich's action is barred as a matter of law, the district court did not abuse its discretion by dismissing his complaint without providing him with notice and an opportunity to amend. See Neitzke, 490 U.S. at 325.
 
 
 6
 Zankich contends on appeal that the district court erred by denying his motion for appointment of counsel. We are unable to conclude that Zankich's likelihood of success or the complexity of the issues were so "exceptional" as to render the district court's decision not to appoint counsel an abuse of discretion. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (holding that "exceptional circumstances" must exist to appoint counsel in a civil case; court should look to likelihood of success on the merits and complexity of issues).[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Zankich styles this action as a claim under diversity of citizenship, the district court properly construed it as a section 1983 civil rights action
 
 
 [2]
 Although the dismissal was without prejudice, this is nevertheless a final appealable order over which we have jurisdiction. See generally, McGuckin v. Smith, 974 F.2d 1050, 1053-54 (9th Cir. 1992) (finding district court's dismissal of claims final for purposes of appeal because lower court intended to dispose of action)
 
 
 [3]
 Zankich also contends on appeal that he is entitled to a jury trial under the Seventh Amendment. Because no bona fide question of material fact exists in this case, a jury trial is unnecessary. Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1077 n.3 (9th Cir. 1986)
 To the extent that Zankich alleges that defendants conspired to deprive him of his civil rights on account of his status as an indigent litigant, his claim lacks merit. See United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 837-38 (1983) (holding that section 1985(3) does not cover conspiracies motivated by bias on account of economic status); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) (holding that conspiracy plaintiff must show membership in a judicially-designated suspect or quasi-suspect class). Because Zankich's bare allegation of conspiracy lacks an arguable basis in either law or fact, amendment would be futile and the district court properly dismissed his complaint. See Neitzke 490 U.S. at 325.