68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary ST. HILAIRE, Plaintiff-Appellant,
v.
MARICOPA COUNTY SHERIFF'S OFFICE, Defendant-Appellee.
 No. 95-15675.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary St. Hilaire, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand for further proceedings.
 
 
 3
 We review the district court's sua sponte dismissal prior to service of process for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). The district court may dismiss an in forma pauperis complaint pursuant to 28 U.S.C. Sec. 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325.
 
 
 4
 Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to notice and an opportunity to amend the complaint before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984); accord Lucas v. Dep't of Corrections, No. 93-55227, slip op. 11911, 11918 (9th Cir. Sept. 20, 1995) (per curiam). This is especially true for the plaintiff proceeding pro se, who "may be less capable of formulating legally competent initial pleadings." Neitzke, 490 U.S. at 330.
 
 
 5
 St. Hilaire alleges that upon completion of the twenty-year sentence he is currently serving in the Arizona State Prison Complex, he must then serve an additional six months in the Maricopa County Jail. St. Hilaire alleges that when he inquired into storing his personal property there during his incarceration, the Maricopa County Sheriff's office informed him that he would not be allowed to store his possessions with them, and that he needed to make other arrangements. St. Hilaire claims that the sheriff's office refusal to store all of his belongings constitutes a deprivation of property in violation of the Fourteenth Amendment.
 
 
 6
 The district court dismissed St. Hilaire's complaint on the ground that he failed to state an actual case or controversy, and thus, the issue is not ripe. See 18 Unnamed John Smith Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989). Generally, a claim is ripe if the threat of harm is sufficiently real and immediate so that a controversy exists. Sea-Land Service Inc. v. ILWU, 939 F.2d 866, 871 (9th Cir. 1991). Nonetheless, "[o]ne does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough." Id. at 870-71 (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580 (1985).
 
 
 7
 Here, St. Hilaire has requested injunctive relief to prevent the deprivation of his property which may occur as a result of the refusal of the sheriff's office to store all of his belongings. Although St. Hilaire asserts that he is scheduled to be released from Arizona state prison "anywheres (sic) between 1995 and 1997" there is nothing in the record which indicates the exact release date. It is possible that St. Hilaire could amend his complaint to show that the threatened harm is impending, in which case he may be entitled to preventive relief. See Sea-Land Service, 939 F.2d at 871 (finding the case is ripe where the issues presented are exclusively legal and the dispute is neither hypothetical nor abstract).
 
 
 8
 Because St. Hilaire may be able to demonstrate that his claim is ripe for judicial review, his claim has an arguable basis in law. Neitzke, 490 U.S. at 325. We do not reach the question as to whether St. Hilaire has a federal or constitutional right to have his property stored by the sheriff's office. Accordingly, we vacate the dismissal of the action and remand so St. Hilaire may be afforded the opportunity to amend his complaint. Neitzke, 490 U.S. at 324; Noll, 809 F.2d at 1448; Franklin, 745 F.2d at 1230.[1]
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We hereby grant St. Hilaire in forma pauperis status for the pendency of this appeal. See 28 U.S.C. Sec. 1915(a); Ellis v. United States, 356 U.S. 674, 674-75 (1958) (In the absence of improper motive, applicant's good faith is established by the presentation of any issue that is not plainly frivolous)