MEMORANDUM **
Rogelio Hamilton Rangel appeals from the district court’s decisions granting summary judgment to Defendant Dr. Deepak Mehta, dismissing Rangel’s claims against Dr. Nabil Athanassious and other defendants, and denying Rangel’s request for pro bono counsel.
We affirm the district court’s order granting summary judgment to Dr. Mehta. Rangel has failed to raise a genuine issue of material fact as to whether Mehta was deliberately indifferent to his serious medical needs. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006). Rangel does not dispute Dr. Mehta’s assertion that as a general practitioner, he could not provide surgery or cancer treatment. Therefore, his claim fails. The district court’s Rand notice gave Rangel “fair notice of the requirements of the summary judgment rule” and was not defective because it was issued in English shortly after Rangel filed his complaint. See Rand v. Rowland, 154 F.3d 952, 960 (9th Cir.1998).
We reverse the district court’s effective dismissal of Rangel’s claims against Dr. Athanassious. Rangel stated in his complaint that he had been deliberately denied medical treatment for prostate problems and attached a portion of his medical records. It appears that Rangel’s references to Dr. N or Dr. Nabil were meant to refer to Dr. Nabil Athanassious. Failing to serve Dr. Nabil Athanassious was tantamount to a dismissal. At this stage of the litigation, Rangel has stated a claim for relief against Dr. Athanassious. See Franklin v. Murphy, 745 F.2d 1221, 1228, 1230 (9th Cir.1984) (Pro se complaints by prisoners “may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.”) As with Dr. Athanassious, service was not made on the prison hospital or the Attorney General. In light of this court’s reversal with respect to Dr. Athanassious, we remand to the district court to consider whether the prison hospital or the Attorney General are appropriate defendants.
The district court did not abuse its discretion by refusing to appoint pro bono counsel. However, in light of Rangel’s age, deafness, and other medical conditions, and the complexity of the medical evidence, we suggest the district court give serious consideration to appointment of pro bono counsel.
*738 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.