**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JIMMY EARL DOWNS, | Nos. 10-17860, 11-16496 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00569-HDM-VPC |
| v. | |
| JAMES BACA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Former Nevada state prisoner Jimmy Earl Downs appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional claims against prison officials and private parties.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. §§ 1915A or 1915(e)(2)(B)(ii).  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We may affirm on any grounds supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly dismissed Downs's claims for unlawful seizure, false imprisonment, and false charges arising from his placement in administrative segregation pending an extortion investigation because Downs failed to allege a protected liberty interest or state action by the private defendants.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (constitutionally protected liberty interest only arises if administrative segregation imposes an atypical and significant hardship in relation to the ordinary incidents of prison life); *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations are insufficient for a private party to be deemed a state actor).

The district court properly dismissed Downs's access-to-courts claim because he failed to allege an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 349-50, 354 (1996) (inmate must allege hindrance to non-frivolous legal claim).

The district court properly dismissed Downs's emotional distress claim because he failed to allege any physical injury.  *See* 42 U.S.C. § 1997e(e); *Oliver v.*

*Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

The district court properly dismissed Downs's retaliation claim because he failed to allege that his placement in segregation did not advance any legitimate penological goals. *See Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam) (maintaining prison discipline is a legitimate penological goal).

The district court properly dismissed Downs's conspiracy claim because he failed to allege that there was a meeting of the minds between the various private and state defendants to violate his constitutional rights. *See United Steelworkers of Am. v. Phelps Dodge Corp*., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc).

Dismissal without leave to amend was proper because the defects in Downs's claims were incurable. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

The district court did not abuse its discretion in denying Downs's motions to alter or amend judgment because he failed to establish grounds for such relief. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Downs's request for judicial notice of non-adjudicative facts in exhibits already stricken by the court is denied.

Downs's remaining contentions are unpersuasive.

**AFFIRMED.**

10-17860