FILED

SEP 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR SCOTT WEST, I, State Ex Rel, | No. 10-35909 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05275-BHS |
| v. | |
| MARTI MAXWELL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Arthur Scott West, I, appeals pro se from the district court's summary
judgment in his action alleging various federal and state law claims arising from
prior lawsuits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*See Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984). We affirm.

The district court properly granted summary judgment because West failed to raise a genuine dispute of material fact by presenting admissible evidence to rebut that of defendants. *See id.* (To defeat summary judgment, a pro se litigant "must present some 'significant probative evidence tending to support the complaint.'" (citation omitted)); *see also Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.").

The district court properly denied West's motion to remand because the court had original jurisdiction over West's federal claims and supplemental jurisdiction over his state claims that arose from the same case or controversy. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *id.* at § 1367(a) (establishing "same case or controversy" requirement for supplemental jurisdiction); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and

10-35909

federal claims would normally be tried together." (citation omitted)).

The district court did not abuse its discretion by ordering pre-filing restrictions against West based on his history of bringing frivolous and harassing litigation. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007) (per curiam) (setting forth standard of review and discussing four factors for ordering pre-filing restrictions).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Defendants' request to strike portions of West's opening brief is denied.

**AFFIRMED.**