**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAFONZO TURNER,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>SACRAMENTO COUNTY JAIL; JOHN McGINNESS, Sheriff,<br><br>            Defendants - Appellees. | No. 11-16881<br><br>D.C. No. 2:09-cv-00117-WBS-KJN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

California state prisoner Lafonzo Turner appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that he was

subjected to excessive force while a pretrial detainee at the Sacramento County

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and for an abuse of discretion the denial of leave to amend, *Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Turner failed to raise a genuine dispute of material fact as to whether he was in the custody of defendants when the alleged incident occurred. *See Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) (to defeat summary judgment, a pro se litigant must present "significant probative evidence" to rebut that of defendants (citation and internal quotation marks omitted)). Moreover, Turner failed to raise a triable dispute as to whether any incident of alleged excessive force was the product of an official custom or practice or failure to train. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

The district court did not abuse its discretion in denying Turner's motion to file a second amended complaint under Fed. R. Civ. P. 15(a). *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (setting forth factors regarding whether to permit amendment).

The district court did not abuse its discretion in denying Turner's requests for appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.

1991) (setting forth standard of review and requiring "exceptional circumstances" for the appointment of counsel).

Turner's contentions that the district court erred in denying his request for an injunction against a non-party and in failing to give adequate notice are unpersuasive.

Turner's motion to supplement the pleadings is denied.

**AFFIRMED.**