**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HENRY ANTHONY WILLIAMS,

Plaintiff-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE; STATE OF CALIFORNIA
FRANCHISE TAX BOARD,

Defendants-Appellees.

No.    13-56386

D.C. No. 2:12-cv-07321-CAS-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Henry Anthony Williams appeals pro se from the district court's judgment

dismissing for lack of subject matter jurisdiction his action relating to the Internal

Revenue Service's alleged denial of tax credit for alimony payments.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056, 1059-60 (9th Cir. 2014), and we affirm.

The district court properly dismissed Williams's action for lack of subject matter jurisdiction because the complaint's allegations were manifestly insubstantial. *See Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction." (citation omitted)).

The district court did not abuse its discretion in denying Williams leave to amend his complaint because he did not request leave to file an amended complaint and failed to sign the lodged amended complaint. *See* Fed. R. Civ. P. 11(a) (providing that "an unsigned paper [must be stricken] unless the omission is promptly corrected after being called to the attorney's or party's attention"); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992) (setting forth standard of review and holding that a party seeking amendment after the deadline set forth in the scheduling order must demonstrate good cause, the focus of which is the diligence of the moving party).

**AFFIRMED.**

2                                                    13-56386