

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY K. ADAMSON,

          Plaintiff-Appellant,

  v.

MICHAEL HAYES, Tempe Police
Officer; et al.,

          Defendants-Appellees.

No. 12-17336

D.C. No. 2:05-cv-02286-JWS

MEMORANDUM<sup>*</sup>

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Submitted August 9, 2017<sup>**</sup>

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

    Gregory Adamson appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action alleging the use of excessive force by Tempe police officers.

---

    <sup>*</sup>    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    <sup>**</sup>    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

The district court granted summary judgment in part and later dismissed Adamson's remaining claims without prejudice after allowing the withdrawal of his appointed counsel and the guardian ad litem who had been appointed to protect Adamson's interests after he was found incompetent.

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem–or issue another appropriate order–to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The district court thus has an obligation to protect an incompetent person during litigation. *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014).

The district court did not abuse its discretion in allowing appointed counsel to withdraw because the court conducted an adequate inquiry by holding a hearing and ordering counsel to submit evidence, and the record showed that the attorney-client relationship had broken down. *See United States v. McKenna*, 327 F.3d 830, 843 (9th Cir. 2003) (addressing motion for substitution of counsel in a criminal case); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that, generally, a person has no right to counsel in a civil action). The district court also did not

abuse its discretion in failing to appoint replacement counsel under 28 U.S.C. § 1915(e)(1) because the court had appointed counsel three previous times, and it properly concluded that, in light of Adamson's accusations against his attorneys, it was unlikely that another competent attorney would agree to represent him. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (setting forth standard for appointment of counsel); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (holding that district court did not abuse its discretion in refusing to appoint replacement counsel).

The district court did not abuse its discretion in granting the guardian ad litem's motion to withdraw after Adamson accused him of fraud and other misconduct and asked that he be replaced. *See Davis*, 745 F.3d at 1310. The district court also did not abuse its discretion in failing to appoint a new guardian ad litem on the basis that, given Adamson's treatment of the first guardian, it would be impossible to find another person willing to serve as his guardian. *See id.* The district court's failure to appoint a new guardian ad litem did lead directly to the dismissal of Adamson's remaining claims. *See id.* (holding that the district court may not use Rule 17(c) "as a vehicle for dismissing claims"). Unlike in *Davis*, however, the district court already had exercised options for enabling Adamson to pursue his civil rights claims by appointing both counsel and a

guardian ad litem. *Cf. id.* at 1311 (explaining that rather than staying the incompetent plaintiff's claims, the district court could have looked for a suitable guardian, put the plaintiff on a waiting list for guardian ad litem services, or appointed counsel pursuant to § 1915(e)(1)). In light of the unlikelihood of finding another person willing to serve as guardian ad litem, the district court did not violate its obligation under Rule 17(c)(2) to protect Adamson's interests in the litigation, and did not abuse its discretion in failing to appoint a replacement guardian.

Adamson has not established any fraud on the district court. *See Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 1000 (9th Cir. 2014) (holding that the court of appeals has equitable power to vacate a judgment obtained by fraud); *United States v. Estate of Stonehill*, 660 F.3d 415, 443-44 (9th Cir. 2011) (holding that a fraud on the court must be established by clear and convincing evidence).

We vacate the district court's dismissal of Adamson's remaining claims without prejudice and remand with instructions for the court to administratively close the case.[1] The record supports the district court's findings that, without counsel or a guardian ad litem, the case could not proceed to trial, and any

---

[1] The district court may wish expressly to require that any motion to reopen the case shall be accompanied by a certificate of mental competency from a licensed medical practitioner.

resolution on the merits was unlikely. *See Davis*, 745 F.3d at 1310. Rather than using Rule 17(c) as a "vehicle for dismissing claims," the district court undertook extensive efforts to enable Adamson to proceed despite his incompetency. *Cf. id.* at 1310-11. Instead of dismissal without prejudice, however, we conclude that administrative closure, pending Adamson's restoration to competency, is a more appropriate disposition. *Cf. id.* at 1311-12 (vacating stay order and administrative closure when district court did not adequately protect plaintiff's interests).

All pending motions are denied.

**AFFIRMED in part and VACATED and REMANDED in part, with instructions.**