**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRENTICE WILLIAMS, | No. 19-16420 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02161-SMB |
| v. | |
| ALBERTSONS COMPANIES LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| CITY OF TEMPE; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted August 3, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Prentice Williams appeals the adverse summary judgment rulings on both his Fourth Amendment claim against Tempe, Arizona Police Department ("TPD") Officer Ratko Aleksis and his assault, harassment, excessive force, and elder abuse claims against Safeway, Inc. and Albertsons Companies, Inc. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Looking at the "totality of the circumstances," we agree that Aleksis had the requisite "reasonable suspicion" to justify an "investigative stop" of Williams for trespassing. *See Navarette v. California*, 572 U.S. 393, 396–97 (2014). The record shows that (1) TPD dispatched Aleksis to respond to a late-night tip about a white car parked in front of an abandoned house and a man going back and forth between the car and the house; (2) TPD received the tip on a phone line that records and traces calls; (3) Aleksis arrived on the scene to observe Williams exiting a white Buick LeSabre parked at a house that appeared vacant with its windows and doors boarded up; and (4) the house was located in a known drug area and had been used for illegal drug activity. The tip accordingly "bore adequate indicia of reliability" for Aleksis to confirm the tipster's account and stop Williams. *See id.* at 398; *accord United States v. Williams*, 846 F.3d 303, 309–10 (9th Cir. 2016) (crediting similar factors).

Williams's sweeping denials do not negate our conclusion. Nor do his claims of undercover officers acting as tipsters, ulterior motives, and illegal surveillance.

---

[1] We deny Williams's motion to strike (Doc. #26) as moot.

That some assertions appear in an affidavit does not alter our analysis. Given its omission of specific facts or evidence of personal knowledge, the affidavit alone cannot create a genuine factual dispute concerning the existence of reasonable suspicion. *See SEC v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007) (allowing courts to disregard conclusory affidavits lacking admissible factual evidence); *see also Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) (*pro se* plaintiff must present "significant probative evidence tending to support the complaint" to defeat summary judgment (quotation marks omitted)), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). Thus, we affirm summary judgment on Williams's Fourth Amendment claim.

Williams's claims against Safeway and Albertsons face a similar fate. As an initial matter, Albertsons' status as a Safeway shareholder does not automatically make it separately liable for debts incurred by Safeway. *See Honeywell, Inc. v. Arnold Constr. Co.*, 654 P.2d 301, 307 (Ariz. Ct. App. 1982). And Williams offers no reason to pierce the corporate veil here. *See id.*

As for Safeway, we observe nothing in the record to suggest that the loss prevention officer intended to cause Williams harm by briefly grabbing his arm, *see A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1210 (9th Cir. 2016) ("Under Arizona law, the act that caused the harm will qualify as intentional conduct [supporting an assault or battery claim] only if the actor desired to cause the

*consequences*—and not merely the act itself—or if he was certain or substantially certain that the consequences would result from the act." (quotation marks omitted)); no evidence of joint action between Safeway and TPD, *see Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1211 (9th Cir. 2002) ("To be engaged in joint action, a private party must be a 'willful participant' with the State or its agents in an activity which deprives others of constitutional rights."); and no reason to conclude that Safeway was employed, appointed, or otherwise serving as Williams's caregiver, *see Delgado v. Manor Care of Tucson AZ, LLC*, 395 P.3d 698, 702 (Ariz. 2017) (holding that Arizona's elder abuse statute "identifies four requirements for an actionable abuse claim: (1) a vulnerable adult, (2) has suffered an injury, (3) caused by abuse, (4) from a caregiver"). We accordingly affirm summary judgment on Williams's claims for assault, excessive force, harassment, and elder abuse.

**AFFIRMED.**