**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMIAH WILLIAM BALIK, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF TORRANCE; et al., <br><br> Defendants-Appellees. | No. 20-15324 <br><br> D.C. No. 2:18-cv-02174-RFB-EJY <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Jeremiah William Balik appeals pro se from the district court's judgment

dismissing his action alleging various constitutional violations. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal

Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2010).  We may affirm on any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

Dismissal of Balik's action was proper because Balik's claims are too frivolous and unsubstantial to invoke subject matter jurisdiction.  *See Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ."); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction[.]"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

The district court did not abuse its discretion by declaring Balik a vexatious litigant and entering a pre-filing review order against him because all of the requirements for entering a pre-filing review order were met.  *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (setting forth requirements for a pre-filing review order).

We reject as unpersuasive Balik's contentions that the district court erred in denying his pending motions as moot, including his motions to enter default and default judgment, that the district court erred in denying his application to proceed in forma pauperis, and that Balik was entitled to a hearing before the district court

2                                          20-15324

declared him a vexatious litigant.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**